IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MAURICE L. COLEMAN SR., | ) | CASE NO. 8:08CV528 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KIMBERLY BUNJER, U.S. Attorney, | ) | MEMORANDUM |
| DOUGLAS COUNTY PROSECUTORS | ) | AND ORDER |
| OFFICE, OMAHA POLICE DEPT, | ) | |
| ARTHUR (BOBBY) BRUMFIELD, | ) | |
| Officer, JULIE A. FRANK, Att., Public | ) | |
| Defender, and TIM BURNS, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on December 3, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 9.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.   SUMMARY OF COMPLAINT**

Plaintiff's Complaint names six Defendants, including the Omaha Police Department, the Douglas County Prosecutors Office, attorney Kimberly Bunjer, and three other individuals. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is currently confined in Leavenworth, Kansas. (*Id.*)

Condensed and summarized, Plaintiff alleges that his attorneys in Case No. 8:07CR211 provided ineffective assistance of counsel because they engaged in a "deceptive cover up[]" and misled him. (*Id.* at CM/ECF pp. 2, 4.) Plaintiff also alleges that Defendants "manipulated evidence . . . throughout the entire process" of his criminal prosecution. (*Id.* at CM/ECF p. 3.) Plaintiff alleges that due to this manipulation he

entered into "a plea agreement that [he] would not have accepted" otherwise. (*Id*.) Plaintiff seeks monetary compensation of an "unknown" amount. (*Id*. at CM/ECF p. 9.) In addition, Plaintiff asks the court to "vacate [his] conviction." (*Id*.)

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the

2

United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.     DISCUSSION OF CLAIMS

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87.

Here, Plaintiff's claims relate to his counsels' ineffectiveness during his criminal case, Case No. 8:07CR211. These claims necessarily implicate the validity of Plaintiff's conviction and incarceration. In fact, Plaintiff specifically asks the court to "vacate [his] conviction." (Filing No. 1 at CM/ECF p. 9.) As set forth above, the court cannot address these claims in an action brought pursuant to 42 U.S.C. § 1983. However, the court will dismiss Plaintiff's claims without prejudice to reassertion in a habeas corpus or similar proceeding.[1]

---

[1] The court notes that Plaintiff has filed a Motion to Vacate under 28 U.S.C. 2255 in Case No. 8:07CR211. (Case No. 8:07CR211, Filing No. 101.) Thus, it appears that Plaintiff is already pursuing his claims in a separate post-conviction relief motion.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice to reassertion in accordance with this Memorandum and Order; and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 26th day of February, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge